922 So.2d 475 (2006)
In re Sean O. LAUGHLIN.
No. 2004-OB-2494.
Supreme Court of Louisiana.
February 22, 2006.

*476 ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
The Committee on Bar Admissions ("Committee") opposed the application of petitioner, Sean O. Laughlin, to sit for the Louisiana Bar Examination based on character and fitness concerns relating to his 2000 felony conviction of attempted possession of a controlled dangerous substance (MDMA, commonly known as ecstasy). We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.[1]
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel ("ODC") to conduct an investigation into petitioner's qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in June and July 2005, pursuant to Supreme Court Rule XVII, § 9(B). The commissioner received documentary evidence and heard testimony given by petitioner and his witnesses. Petitioner was also questioned about his 1998 DWI conviction and his failure to disclose either the DWI or his felony drug conviction when he applied to law school in January 2001.[2] Finally, the ODC introduced evidence and testimony relating to petitioner's past and present use of drugs and alcohol.
At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be admitted to the practice of law, conditioned upon his participation in the Lawyers Assistance Program. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
*477 After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet his burden of proving that he has "good moral character" to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(E).
Accordingly, it is ordered that the application for admission be and hereby is denied.
NOTES
[1] In re: Laughlin, 04-1510 (La.6/25/04), 876 So.2d 816.
[2] Petitioner's failure to disclose his felony drug conviction is particularly troubling, given that he was still on active supervised probation at the time he answered "No" to the question of whether he had "ever been arrested, indicted or convicted of any violation of the law other than a minor traffic violation."